IN THE UNITED STATED BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| ROLF E. ZWAHLEN and | : | |
| MARGARETHA H. ZWAHLEN, | : | CASE NO. 1-17-03426 |
|     Debtors | : | |
| ANDREW R. VARA | : | |
| ACTING UNITED STATES TRUSTEE, | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| ROLF E. ZWAHLEN and | : | |
| MARGARETHA H. ZWAHLEN, | : | |
|     Respondents | : | |

## DEBTORS' ANSWER TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. §707(b)(2) AND/OR 11 U.S.C. §707(b)(3)(B)

1. Admitted in part and denied in part. Normally, we would deny this averment as a conclusion of law to which no response is required. In this instance, we do not dispute that this Court has jurisdiction to hear this matter and that venue is proper in this Court.

2. Admitted in part and denied in part. The response to averment number 1 is incorporated herein by reference.

3. Admitted in part and denied in part. The response to averment number 1 is incorporated herein by reference.

4. Admitted in part and denied in part. The response to averment number 1 is incorporated herein by reference.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part and denied in part. The response to averment number 1 is incorporated herein by reference.

12. Admitted in part and denied in part. The portion of the averment describing the statement regarding the presumption of abuse is admitted. The remainder of the averment is denied as a conclusion of law to which no response is required.

13. Denied. This averment is a conclusion of law to which no response is required.

14. Denied. This averment is an incorrect conclusion of law to which no response is required. The averment is also denied factually in that, regardless of what may be legally true in a strict sense, the practical reality is that failure to repay the loan as his employer demanded (and as the employer deducted from his paychecks), would have exposed Mr. Zwahlen to probable adverse action by his employer, which could include termination.

15. Admitted. We will make that change in the near future.

16. Denied. This averment is a conclusion of law to which no response is required.

17. Denied. This averment is a conclusion of law to which no response is required.

18. Denied. This averment is a conclusion of law to which no response is required.

19. Denied. This averment is a conclusion of law to which no response is required.

20. Denied. This averment is a conclusion of law to which no response is required.

21. Denied. This averment is a conclusion of law to which no response is required.

22. Denied. This averment is a conclusion of law to which no response is required.

23. Denied. Debtors are in no position to admit or deny the U.S. Trustee's

conclusions. The averment is also denied as a conclusion of law to which no response is required.

24. Admitted.

25. Denied. This averment is a conclusion of law to which no response is required. The averment is further denied as to the retirement fund loan repayment for the reason set forth in response number 14 above, which is incorporated herein by reference.

26. Denied. This averment is a conclusion of law to which no response is required. The averment is further denied as to the required monthly window payment in that the claim for same may be secured and, if it is, could result in removal of property from the Debtors' home if the obligation is not repaid.

27. Denied. This averment is a conclusion of law to which no response is required.

28. Denied. This averment is a conclusion of law to which no response is required.

29. Denied. This averment is a conclusion of law to which no response is required.

30. Admitted in part and denied in part. It is admitted that Debtors are eligible for a Chapter 13 filing. The remainder of the averment is denied in that it is based on a series of conclusions of law which the Debtors have already denied in this Answer.

31. Admitted. There was no sudden illness, calamity, disability or unemployment at the time this case was filed. Subsequently, though, Mr. Zwahlen was laid off from the position he held at the time the case was filed.

32. Admitted in part and denied in part. The averment is admitted insofar that, if the averment taken as a common-sense assertion, Debtors would not be "needy" as that term is typically used. To the extent that the UST is stating or implying that the Debtors not being "needy" is a legally significant fact, the averment is denied as a conclusion of law to

3

which no response is required.

      33. Denied.  This averment is a conclusion of law to which no response is required,

      WHEREFORE, Debtors request this Court to deny the United States Trustee's Motion to Dismiss, and to provide any other relief this Court deems appropriate.

| | |
|---|---|
| <u>July 5, 2018</u> | <u>/s/ Anthony T. McBeth</u> |
| Date | Anthony T. McBeth, Esq. |
| | Attorney for Debtors |
| | 4705 Duke Street |
| | Harrisburg, PA  17109 |
| | (717) 238-3686 |
| | Supreme Court I.D. # 53729 |

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
|    ROLF E. ZWAHLEN and | : | |
|    MARGARETHA H. ZWAHLEN, | : | CASE NO. 1-17-03426 |
|        Debtors | : | |
| ANDREW R. VARA | : | |
| ACTING UNITED STATES TRUSTEE, | : | |
|        Movant | : | |
| | : | |
| v. | : | |
| | : | |
| ROLF E. ZWAHLEN and | : | |
| MARGARETHA H. ZWAHLEN, | : | |
|        Respondents | : | |

## CERTIFICATE OF SERVICE

I Anthony T. McBeth, Esquire, hereby certify that I have served a copy of the foregoing document on the following person by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid or by electronic means on January 19, 2018:

Leon P. Haller, Esquire
Chapter 7 Trustee
lhaller@pkh.com, lrynard@pkh.com;lhaller@ecf.epiqsystems.com

Gregory Benjamin Schiller on behalf of Asst. U.S. Trustee United States Trustee
Gregory.B.Schiller@usdoj.gov, ustpregion03.ha.ecf@usdoj.gov

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

| | |
|---|---|
| July 5, 2018 | /s/ Anthony T. McBeth |
| Date | Anthony T. McBeth, Esq. |
| | Attorney for Debtors |
| | 4705 Duke Street |
| | Harrisburg, PA  17109 |
| | (717) 238-3686 |
| | Supreme Court I.D. # 53729 |